[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10985
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-81485-KAM


TRANSUNION RISK AND ALTERNATIVE DATA SOLUTIONS, INC.,

Plaintiff - Appellee,

versus

DANIEL MACLACHLAN,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 27, 2015)

Before MARCUS, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

In this diversity case, respondent Daniel MacLachlan (MacLachlan) appeals the district court's ruling granting petitioner TransUnion Risk and Alternative Data Solutions, Inc. (TRADS) a preliminary injunction, enforcing a noncompetition agreement between the parties and temporarily enjoining MacLachlan from working for The Best One, Inc. (TBO) or engaging in any business similar to that conducted by TRADS.  On appeal, MacLachlan argues that the district court erred when it applied Florida Statutes sections 542.335(1)(g)1 and 542.335(1)(j) to two of the four elements necessary for a preliminary injunction under Federal Rule of Civil Procedure 65.  MacLachlan contends that these sections are in conflict with federal procedure codified in Rule 65 and therefore do not govern the instant case.

After review of the parties' briefs and the record on appeal, we conclude that Rule 65 and section 542.335(1)(j) can be applied harmoniously; therefore, the district court properly applied section 542.335(1)(j), which grants TRADS a presumption of irreparable harm, in conjunction with its Rule 65 analysis. However, because we conclude that section 542.335(1)(g)1 does not apply to the issuance of a preliminary injunction to enforce a valid restrictive covenant, we find that the district court improperly applied it to preclude consideration of the hardship to MacLachlan when balancing the harms under Rule 65.  We therefore vacate the district court's order and remand this case for the limited purpose of

2

determining whether the threatened injury to TRADS outweighs the damage a preliminary injunction may cause MacLachlan.

## I.

MacLachlan served as CFO of TLO, LLC (TLO), a company in the data services industry, from March 2009 to December 2013.  In December 2013, TLO went into bankruptcy and was acquired by TRADS, a company that is also in the data services industry.  TRADS hired MacLachlan as CFO during the acquisition. MacLachlan signed a one year "Noncompetition and Nonsolicitation Agreement" with TRADS on March 13, 2014 (the Agreement), which, if he was terminated, prohibited MacLachlan from "directly or indirectly":

> (a) engag[ing] in a business . . . that is the same as or similar to any Business conducted by [TRADS] during [MacLachlan's] employment . . . [or];
>
> (b) enter[ing] into any employment or business relationship with any person or entity that engages in a Business that is the same as or similar to any Business conducted by [TRADS] during [MacLachlan's] employment by [TRADS], including, without limitation, . . . Interactive Data LLC . . . .

On October 2, 2014, TRADS's competitor in the data services industry, Interactive Data, LLC (Interactive), was acquired by TBO, an investment company.  MacLachlan resigned from TRADS on October 3, 2014, and signed an employment agreement on October 6, 2014, to become CFO of TBO.  He did not inform TRADS of his new relationship with TBO.

3

On the belief that MacLachlan had gone to work for a competitor, TRADS initiated an action to enforce the Agreement and moved for a preliminary injunction.  Contesting the preliminary injunction, MacLachlan argued, among other things, that TRADS had not demonstrated a substantial likelihood of success on the merits; that TRADS failed to establish irreparable harm; that the harm of the preliminary injunction to MacLachlan would outweigh any damage to TRADS; and that sections 542.335(1)(g)1, (j) of the Florida Statutes did not govern the case.  After an evidentiary hearing on TRADS's motion, the district court granted the preliminary injunction, prohibiting MacLachlan for one year or until the final resolution of the case, whichever is sooner, from "[c]ontinuing further employment or association with [Interactive] or any affiliate or investor thereof" and from "[e]ngaging in a business or activity that is the same as or similar to any business conducted by TRADS."

## II.

We review a district court's granting of a preliminary injunction for abuse of discretion, its findings of fact for clear error, and its legal conclusions de novo. *Pine v. City of W. Palm Beach, FL*, 762 F.3d 1262, 1268 (11th Cir. 2014).  A court's conclusion of which law to apply is a legal one; thus, we review it de novo. *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1306 (11th Cir. 2002).

4

**III.**

"Under the doctrine enunciated in [*Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938)] and its progeny, federal courts sitting in diversity apply state substantive law and federal procedural law." *Esfeld*, 289 F.3d at 1306 (internal quotation marks omitted). "We apply federal procedure to determine whether the preliminary injunction was properly issued." *See Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1448 (11th Cir. 1991). Under federal procedure codified in Rule 65, a moving party must establish four elements to obtain a preliminary injunction: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam). We consider preliminary injunctions "extraordinary" and "drastic" remedies that should not be issued unless the moving party clearly establishes each of the four prerequisites. *Id.* Indeed, "[a] showing of irreparable injury is the sine qua non of injunctive relief." *Id.* (internal quotation marks omitted).

"In 1996, Florida adopted Fla. Stat. § 542.335, which contains" the substantive state law to which courts look in "analyzing, evaluating and enforcing

5

restrictive covenants contained in employment contracts." *See Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223, 1230–31 (11th Cir. 2009) (internal quotation marks omitted). The statute prescribes the elements necessary to state a prima facie claim to enforce a restrictive covenant and issues instructions to the courts when ruling on such claims. Section 542.335(1)(g)1 governs the enforceability of a restrictive covenant and mandates:

> (g) In determining the enforceability of a restrictive covenant, a court:
>
> 1. Shall not consider any individualized economic or other hardship that might be caused to the person against whom enforcement is sought.

Fla. Stat. § 542.335(1)(g)1. Once a restrictive covenant is deemed enforceable, the statute prescribes certain rules for enforcement:

> (j) A court shall enforce a restrictive covenant by any appropriate and effective remedy, including, but not limited to, temporary and permanent injunctions. The violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of a restrictive covenant.

Fla. Stat. § 542.335(1)(j); *see also Proudfoot*, 576 F.3d at 1231 (holding that this presumption is rebuttable by the defendant).

We apply Rule 65 to the exclusion of any contrary state procedure. *See Ferrero*, 923 F.2d at 1448. MacLachlan contends that Rule 65 should have been applied to the exclusion of sections 542.335(1)(g)1 and (j), while TRADS argues

6

that the district court appropriately applied those subsections in determining whether Rule 65 had been satisfied. We resolve these issues below.

**A.**

Under the *Erie* doctrine, "[t]he first step of the analysis is to determine whether [Rule 65 and section 542.335(1)(j) are in] conflict . . . . If no conflict exists, then the analysis need proceed no further, for the court can apply state and federal law harmoniously to the issue at hand." *See Esfeld*, 289 F.3d at 1306–07. Thus, our first determination is whether Rule 65 and section 542.335(1)(j) can be applied harmoniously when enforcing a valid restrictive covenant by preliminary injunction.

Florida courts have seamlessly applied section 542.335(1)(j) alongside Florida's state procedure for preliminary injunctions, which mirrors Rule 65 federal procedure almost exactly. *See, e.g.*, *Supinski v. Omni Healthcare, P.A.*, 853 So. 2d 526, 530 (Fla. Dist. Ct. App. 2003) ("It is well-settled that a party seeking a temporary injunction must demonstrate that: (1) there is a likelihood of irreparable harm . . . ."); *see also Envtl. Servs., Inc. v. Carter*, 9 So. 3d 1258, 1261, 1266 (Fla. Dist. Ct. App. 2009). Federal courts sitting in diversity in Florida can and should apply Rule 65 and section 542.335 in a similarly harmonious fashion. *See Esfeld*, 289 F.3d at 1306–07. We acknowledge that "[t]he line between procedural and substantive law is hazy," but we find it clear that between Rule 65

7

and section 542.335 there is no procedural "clash." *Erie*, 304 U.S. at 92, 58 S. Ct. at 828 (1938) (Reed, J., concurring in part).

Indeed, the presumption of irreparable harm found in section 542.335(1)(j)—and its broader statutory context—works in tandem with Rule 65. A presumption of irreparable harm is not arbitrarily granted by Florida's statute, but is the logical consequence of the movant's prima facie showing, including its establishment of the covenant's reasonableness in protecting legitimate business interests at stake. *See, e.g.*, *DePuy Orthopaedics, Inc. v. Waxman*, 95 So. 3d 928, 939 (Fla. Dist. Ct. App. 2012) ("[Petitioner] presented a prima facie case . . . [s]imply stated, [petitioner] *established* the presumption . . . of irreparable injury created by section 542.335(1)(j).") (emphasis added). Put another way, section 542.335(1)(j) does not relieve TRADS of its procedural burden of establishing that "irreparable injury will be suffered unless the injunction issues," *Siegel v. LePore*, 234 F.3d at 1176; rather, it prescribes how irreparable injury is established in the restrictive covenant context. We do not interpret the Florida statute to be "contrary" to Rule 65, and, accordingly, there need be no "exclusion" in its governance of this issue. *Ferrero*, 923 F.2d at 1448.

The district court's application of the law evinces the consistency between section 542.335(1)(j) and Rule 65. The district court found that TRADS had demonstrated a substantial likelihood of success on its claim to enforce the

Agreement, and therefore, TRADS established a rebuttable presumption of irreparable harm pursuant to section 542.335(1)(j).  The district court then conducted a thorough review of the evidence, which contained numerous indicia of irreparable harm occurring to TRADS, and decided that MacLachlan had not provided sufficient evidence to rebut that conclusion.  Accordingly, the district court found that TRADS had satisfied the third element of Rule 65 procedure.  Because Rule 65 and section 542.335(1)(j) apply harmoniously to TRADS's motion for preliminary injunction, the district court did not err in their application.

### B.

Secondly, MacLachlan appeals the lower court's application of section 542.335(1)(g)1 to the preliminary injunction analysis, which precluded any consideration of the potential hardship to MacLachlan when the court balanced the harms under Rule 65.

Section 542.335(1)(g) governs the *enforceability* of restrictive covenants, not the *enforcement* of an already enforceable restrictive covenant.  *See* Fla. Stat. § 542.335(1)(g).  This is evident from the framing, content, and position of the section in the overall structure of the statute. The section begins: "In *determining the enforceability* of a restrictive covenant, a court . . . ."  It then goes on to list four considerations that a court "shall" or "shall not" contemplate when determining whether a restrictive covenant is enforceable.  § 542.335(1)(g)1–4.

9

One of these—applied by the district court to the motion for preliminary injunction—is that the court "[s]hall not consider any individualized economic or other hardship that might be caused to the person against whom enforcement is sought."  § 542.335(1)(g)1.  Section 542.335(1)(g)3 adds that the court "[s]hall consider all other pertinent legal and equitable defenses."  What is clear from the framing and content of sections 542.335(1)(g)1–4 is that the mandated considerations therein are directed towards the determination of whether a restrictive covenant is enforceable.  Accordingly, these sections should not be applied when determining the appropriate remedy.[1]

Here, the district court erred when it applied section 542.335(1)(g) in determining whether a preliminary injunction was an appropriate and effective remedy for the enforceable restrictive covenant.  *See* § 542.335(1)(j).  Having erroneously applied section 542.335(1)(g), the district court failed to consider any harm that MacLachlan would suffer if the injunction issued.  Therefore, we must vacate the district court's order granting the injunction and remand this matter for the district court to balance the harms in accordance with Rule 65.

---

[1] The statute concludes with instructions for *enforcement*: first, it addresses public policy considerations, § 542.335 (1)(i), then, specific remedies, § 542.335(1)(j), and finally, attorney's fees and costs, § 542.335(1)(k).  These sections are clearly demarcated from the determination of whether a covenant is enforceable.  *See, e.g.*, § 542.335(1)(j) ("The violation of an *enforceable* restrictive covenant creates . . . .") (emphasis added).

10

**IV.**

We find that section 542.335(1)(j) of the Florida Statutes does not conflict with federal procedure codified in Rule 65; however, because we find that section 542.335(1)(g)1 is not applicable to the *enforcement* of the Agreement by preliminary injunction, we vacate and remand to the district court for the limited purpose of determining whether the threatened injury to TRADS outweighs the damage the injunction may cause MacLachlan, giving full consideration to the hardship MacLachlan would suffer should the injunction issue.

VACATED AND REMANDED.